**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David B. Jones,<br><br>      Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc.; Wal-Mart Stores East, L.P.,<br><br>      Defendants. | No. CV 07-775-PHX-SMM<br><br>**ORDER** |

Pending before the Court are Defendant Wal-Mart Stores East, L.P.'s ("Defendant") Motion to Dismiss (Dkt. 6), Plaintiff David B. Jones's ("Plaintiff") Response (Dkt. 7), and Defendant's Reply (Dkt. 8). Defendant alleges that Plaintiff failed to timely file his claims in this matter and seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff was employed by Defendant as a truck driver from March 2001 to May 2005 (Compl. at ¶ 8.) Plaintiff, an African-American, alleges that he was falsely charged with harassing female co-workers and was treated worse than other employees. (Compl. at ¶¶ 10, 13.) Plaintiff further alleges that this disparate treatment, and the termination of his employment, are due to his race. (Compl. at ¶¶ 10-12.)

In May 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On November 22, 2006, the EEOC mailed Plaintiff a right-to-sue letter, along with a Dismissal and Notice of Right to Sue form (collectively,

1 "Notice"), informing Plaintiff that the EEOC dismissed his claim. (Compl. at ¶ 16; Pl.'s Ex. B.)
2 The Notice informed Plaintiff of his rights under federal law to pursue the matter in federal
3 court, and that he had only ninety (90) days "from the date that delivery of the Notice was
4 <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever
5 is earlier ...." (Pl.'s Ex. B.)

6       The EEOC sent the Notice to the address Plaintiff provided on the claim form he filed.
7 However, Plaintiff changed addresses between the filing of the claim and the mailing of the
8 Notice. Plaintiff alleges that he had informed the EEOC investigator assigned to his case of his
9 change of address both verbally and in writing. (Compl. ¶ 17, Pl.'s Ex. C.) As a result, Plaintiff
10 alleges, he did not learn of the existence of the Notice until February 22, 2007. (Compl. at ¶
11 18.)

12       Plaintiff filed this claim on April 13, 2007, 142 days after the Notice was mailed, and 50
13 days after Plaintiff allegedly learned of the existence of the Notice. Defendant seeks to dismiss
14 the case under Federal Rule of Civil Procedure 12(b)(6) for failure to file within 90 days.
15 Plaintiff argues that February 22, 2007 marks the beginning point of the 90-day time period,
16 and, in the alternative, that the doctrine of equitable tolling should apply.

17 **STANDARD OF REVIEW**

18       The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency
19 of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule
20 12(b)(6) is proper only when a complaint exhibits a "lack of a cognizable legal theory or the
21 absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police
22 Dept., 901 F.2d 696, 699 (9th Cir. 1988).

23       Although its review is generally limited to the contents of the complaint, the Court may
24 consider documents referenced extensively in the complaint or attached as exhibits. Fed. R.
25 Civ. P. 10(c); United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir.2003). Consideration of
26 documents whose contents are alleged in a complaint and whose authenticity no party questions,
27 but which are not physically attached to the pleading, may be considered in a ruling on a
28 12(b)(6) motion to dismiss without converting the motion into a motion for summary judgment.

1  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith
2  v. County of Santa Clara, 307 F.3d 1119, 1123-24 (9th Cir. 2002).

3        The Court must accept as true all material allegations in the complaint as well as all
4  reasonable inferences that may be drawn from such allegations. LSO, Ltd. v. Stroh, 205 F.3d
5  1146, 1150 n.2 (9th Cir.2000).  The Court must also construe the allegations of the complaint
6  in the light most favorable to the nonmoving party. Shwarz v. United States, 234 F.3d 428, 435
7  (9th Cir.2000).  Accordingly, the Court may only grant a motion to dismiss under Rule 12(b)(6)
8  if it is certain that Plaintiff will not be entitled to relief under any set of facts that could be
9  proven under the allegations of the complaint. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338
10 (9th Cir.1996).

## DISCUSSION

12       Before a claimant can file a Title VII civil action, a timely charge of discrimination must
13 first be filed with the EEOC. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir.
14 1996).  If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42
15 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may
16 be brought against the respondent named in the charge [] by the person claiming to be
17 aggrieved.")(emphasis supplied).  The ninety day period is not jurisdictional, but rather acts as
18 a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982).  As such,
19 it is subject to waiver as well as equitable tolling. Id.

20       When a motion to dismiss is based on the running of the statute of limitations, it must
21 appear beyond doubt that the plaintiff can prove no set of facts that would establish the
22 timeliness of the claim. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.
23 1995).  The motion can be granted "only if the assertions of the complaint, read with the
24 required liberality, would not permit the plaintiff to prove that the statute was tolled."
25 Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).  Because the equitable
26 tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to
27 resolution on a Rule 12(b)(6) motion. Id. at 1276.

28

Principles of equitable tolling do not apply to "garden variety claim[s] of excusable neglect." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). The person claiming to be aggrieved has the responsibility to provide the EEOC with notice of any change in address. 29 C.F.R. § 1601.7(b). This responsibility is placed on the claimant because "[i]t is unreasonable to expect the EEOC to pore over its files ... in an effort to ascertain which of the addresses contained therein is correct." St. Louis v. Alverno College, 744 F.2d 1314, 1316 (7th Cir. 1984). If a claimant fails to notify the EEOC of an address change, the limitations period begins running once delivery to the address of record is attempted. Nemilda, 112 F.3d at 384.

According to Plaintiff's verified amended complaint, Plaintiff informed the EEOC investigator of his change of address both verbally and in writing. (Compl. ¶ 19.) The alleged written notification does not call attention to the change of address, and merely includes Plaintiff's updated address below the signature line. (See Pl.'s Ex. C.) Such notification apparently expects that the EEOC will "pore over its files," automatically cross-referencing the address listed on the claim form every time a claimant sends a letter. However, 29 C.F.R. § 1601.7(b) does not specify how a claimant should notify the EEOC of a change of address, and Plaintiff alleges that he provided verbal notice in addition to the written "notice." (Compl. at ¶ 19.)

The Court must accept as true all material allegations in the complaint. Stroh, 205 F.3d at 1150 n.2. The assertions in Plaintiff's complaint, if accepted as true, suggest that the EEOC prevented Plaintiff from timely filing his complaint and that Plaintiff diligently pursued his claim. Under those circumstances, the doctrine of equitable tolling might be appropriate; the assertions of the complaint would permit Plaintiff to prove that the statute was tolled. Cervantes, 5 F.3d at 1275. As such, the Court finds it unnecessary to reach Plaintiff's alternative argument that the 90 day limitations period began to run from the date Plaintiff actually received the Notice.

//

//

1  The Court wishes to make it clear that it does not find that equitable tolling applies in this
2  case. Rather, the Court only finds that the issue in this case is not a proper subject for a 12(b)(6)
3  motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion to Dismiss (Dkt. 6).

DATED this 27th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge