**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| David B. Jones,<br><br>           Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P.,<br><br>           Defendants. | No. CV-07-775-PHX-SMM<br><br>**CONFIDENTIALITY ORDER** |

      The parties have stipulated to the entry of the following confidentiality order (Dkt. 31), which the Court approves with the following modification: disputes arising from this confidentiality order will be addressed via telephonic hearing, the same process used for discovery disputes and set forth in the Scheduling Order (Dkt. 20, Order dated Jan. 8, 2008 4:21-5:3.). This order is intended to protect the confidentiality of documents and records including, but not limited to, proprietary business records of Defendant Wal-Mart Stores, Inc., as well as various other records including, but not limited to, tax returns/financial records, medical records, personnel records, employment/education records, and telephone/e-mail records.

      1.   <u>Designation of Confidential Materials.</u> Any party in this action (the "designating party") shall have the right to designate as CONFIDENTIAL any material that it believes, in good faith, contains or represents confidential personal, medical,

1   financial, proprietary, competitive, trade secret or other sensitive information that the
2   designating party normally would not reveal to third parties or that the designating party
3   normally would require third parties to maintain in confidence (hereinafter "confidential
4   materials").

5   　　　　2.　　　<u>Restriction of Designated Materials Obtained in this Action.</u>  No material
6   designated CONFIDENTIAL shall be disclosed to any person or entity except as set forth
7   in this Protective Order.  No person shall use any material designated CONFIDENTIAL
8   for any purpose other than to assist in the preparation, trial and any appeal of this Action.
9   No copies of material designated CONFIDENTIAL shall be made except by or on behalf
10  of counsel for named parties.

11  　　　　3.　　　<u>Marking Designated Material.</u>  Material described in paragraph 1 above that
12  any party wishes to designate as CONFIDENTIAL so as to protect the same against
13  unauthorized use or disclosure shall do so by either of two methods.  Under the first
14  procedure, the material shall be marked by placing the legend "CONFIDENTIAL" or
15  "CONFIDENTIAL - Subject to Court Order" on the first page of the document or on the
16  physical item.  By the second method, a party may identify material as confidential by
17  serving written notice on all other parties that the material described in the notice is
18  confidential.  The notice may either describe the material with sufficient particularity so
19  as to identify the material and its format and subject matter, or describe the location of the
20  material, its format and subject matter, and the manner of its delivery or availability to the
21  other parties.  For example, electronically maintained information in a computerized
22  format may be designated CONFIDENTIAL by giving written notice granting the other
23  parties access to descriptively specified information maintained within a specified
24  computer software program.  Any confidential physical item shall be marked
25  "CONFIDENTIAL" on the physical item or on the container within which it is produced.

26  　　　　4.　　　<u>Declassification.</u>  A party may apply to the Court for a telephonic hearing to
27  obtain a ruling that material or a document (or category of documents) identified by
28  another party as CONFIDENTIAL is not entitled to such status and protection.  The party

1  that designated the material or document as CONFIDENTIAL shall be given notice of the
2  conference and an opportunity to respond.  To maintain CONFIDENTIAL status, the
3  proponent of confidentiality must show by a preponderance of the evidence that there is
4  good cause for the material to have such protection.

5       5.    <u>Depositions.</u>  Deposition testimony concerning confidential material may be
6  designated CONFIDENTIAL.  In that case, the transcript of the deposition shall be
7  clearly marked by the reporter to note that the transcript is CONFIDENTIAL.  The
8  designating party shall have the right to exclude all persons except deponent, his/her
9  counsel, counsel of record for the named parties, the reporter, and those persons listed in
10 paragraph 7 below from a deposition while the witness testifies.  Deposition transcripts
11 may be designated CONFIDENTIAL within 30 days after the transcript has been received
12 by the parties by giving written notice of such designation to counsel for all parties.

13      6.    <u>Filing Designated Material.</u>  Subject to paragraph 10 below, all material
14 filed with the Court, including transcripts of depositions, exhibits, physical evidence,
15 answers to interrogatories, responses to requests for admission, briefs and memoranda,
16 which contain designated confidential material, shall be filed with and kept by the Clerk
17 of the Court in sealed envelopes or sealed containers.  All sealed envelopes and
18 containers shall be endorsed with the caption of the Action, the nature of the contents of
19 the sealed envelope or container, the identity of the party who filed the materials, the
20 statement "CONFIDENTIAL - Subject to Court Order" and a statement substantially in
21 the following form:

22     This envelope contains documents (materials) (physical items) subject to
    the Protective Order entered in this Action.  The envelope (container) may
23     not be opened nor its contents displayed, revealed, or made public except by
    written order of the Court.
24

25 The Clerk shall not provide any sealed envelope or container filed with the Court to any
26 person other than members of the Court staff absent further written order of the Court.

27      7.    <u>Access to confidential material.</u>  Except as provided in this Order, material
28 designated CONFIDENTIAL, and the information contained therein, shall not be

- 3 -

provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a.    counsel working on this Action on behalf of any party;

    b.    full-time, part-time or temporary employees of counsel under the supervision of counsel;

    c.    any person not employed by a party who is expressly retained as a consultant or expert retained for the purpose of assisting in the litigation of this Action by a party or counsel, but only to the extent necessary to perform such work;

    d.    any person who was an author or recipient of confidential material about which testimony is taken.  If such a person is deposed or testifies in a court proceeding and, during the course of such testimony he/she is shown copies of confidential materials, he/she may not keep those copies;

    e.    deposition and court reporters, a secure outside copy service under contract to provide copy service to counsel for any party, the Court and the Court staff; and

    f.    any party to this action.

In the event any party is served with a subpoena or similar request demanding production of the material designated as confidential, that party shall immediately notify the producing party of such subpoena or request and it will be the obligation of the producing party to interpose and defend any objection to production of the confidential material.

8.    <u>Procedure for Seeking Further Disclosure.</u>  Before counsel may disclose confidential material to those not identified in paragraph 7 above, he/she shall provide written notice to counsel for the designating party of his/her intent to disclose the confidential material.  The notice must state the specific material to be disclosed, and the name, address, and position of the person to whom counsel plans to disclose the material. Counsel shall not disclose confidential material under this paragraph until he/she receives

1 written approval from counsel for the designating party, except by order of the Court.
2 Within ten (10) days after the designating party is notified of the desired disclosure,
3 he/she shall give written notice of approval or of any objection to the disclosure.  If the
4 parties cannot otherwise resolve the issue, counsel desiring to disclose confidential
5 material shall contact the Court to arrange a telephonic hearing.  To maintain confidential
6 status, the proponent of confidentiality must show by a preponderance of the evidence
7 that there is good cause for the material(s) to have such protection.

8       9.    CONFIDENTIAL Information at Trial.  Subject to the Federal Rules of
9 Evidence, designated confidential material may be offered in evidence at trial or any court
10 hearing provided that the proponent of the evidence gives five days advance notice to
11 counsel for any party or other person that designated that material as confidential.  Any
12 party may request a telephonic hearing to address whether this evidence be received in
13 camera or under other conditions to prevent unnecessary disclosure.  The Court will then
14 determine whether the proffered evidence should be continued to be treated as
15 confidential and, if so, what protection, if any, may be afforded to such information at
16 trial.

17       10.    Undertakings of Persons Receiving Designated Materials.  Material
18 designated CONFIDENTIAL shall not be disclosed to any person described in paragraphs
19 7 or 8 until that person has signed a written declaration in the form attached as Exhibit A.

20       11.    If a witness who does not fall under paragraph 8d will view material
21 designated CONFIDENTIAL during his/her deposition, the designating party may request
22 that the deponent sign a written declaration in the form attached as Exhibit A.  If the
23 deponent fails to sign such declaration, counsel shall not disclose confidential material to
24 the deponent.

25       12.    Counsel of record shall be responsible for maintaining a file of all such
26 declarations that he/she obtains pursuant to this Protective Order.  The file of signed
27 declarations shall be available for inspection by the Court and opposing counsel.
28

1     13.   <u>Clerk to Return Designated Material.</u>  Upon final adjudication, including any appellate proceedings, of the claims at issue in this Action, or upon such earlier order as the Court may enter pursuant to a duly noticed motion and hearing, the Clerk shall return all material designated CONFIDENTIAL to the party who filed the material.

    14.   <u>Disposition of Designated Material at End of Action.</u>  Within sixty (60) days of the final adjudication, including any appellate proceedings, or other final disposition of the claims at issue in this Action, unless otherwise agreed in writing by an attorney of record for the designating party, each party and person identified in paragraph 7 shall return all material designated CONFIDENTIAL they possess, including all copies, to the person who provided such material, and sign a certification in the form attached as Exhibit B.

    15.   <u>Obligations of Counsel.</u>  Counsel for each party shall take all precautions to prevent unauthorized or inadvertent disclosure or use of any material designated CONFIDENTIAL.

    16.   <u>Unauthorized Disclosure.</u>  This Court shall retain jurisdiction to determine sanctions.  Any proceeding for enforcement of this Protective Order and/or for sanctions for a violation of this Protective Order shall be confidential, except as otherwise ordered.

    17.   <u>Inadvertent Failure to Designate.</u>  Failure to designate material as CONFIDENTIAL shall not preclude any party or third party from later designating the material CONFIDENTIAL.  A party or third party may designate previously produced material CONFIDENTIAL that he/she inadvertently failed to designate initially through written notice to counsel of record for the receiving party or parties.  The designating party shall supply copies of the material marked CONFIDENTIAL.

    18.   <u>Duration of Confidentiality Order.</u>  The confidentiality obligations imposed by this Order, including without limitation those of counsel under paragraphs 13 and 14, shall remain in effect unless the Court expressly orders otherwise.

- 6 -

19. <u>Modification Permitted.</u>  Nothing in this Order shall prevent any party from seeking modification of this Order or from objection to discovery that it believes to be otherwise improper.

20. <u>Conclusion.</u>  At the conclusion of this action, and no later than 60 days after the final adjudication, any party may apply to this Court for an order requiring that a designated party retain confidential materials in a retrievable format for a period of years (to be specified) in order to preserve the record as protection against bar complaints or professional malpractice claims.

21. Any documents filed with the Court that reference confidential material shall have deleted, from the original filed document only, just those specific paragraphs or sentences containing the confidential material and those paragraphs or sentences shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and an appropriate designation regarding the confidential nature of the contents; a blank space shall be inserted at the site of the deletion in the original document which shall contain the notation that confidential material has been deleted and filed separately under seal; and (2) the Judge's copy of the filed documents shall not contain any deletions, but the paragraphs deleted from the original document shall be double underlined on the Judge's copy and a notation placed on those pages stating the confidential material is contained therein.

DATED this 4th day of August, 2008.

_____
Stephen M. McNamee
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David B. Jones, | Case No. CV07-00775-PHX-SMM |
| Plaintiff, | **DECLARATION** |
| v. | |
| Wal-Mart Stores, Inc.; Wal-Mart Stores East, L.P. | |
| Defendants. | |

It is desired that I obtain access to the following confidential documents:

The undersigned hereby acknowledges that he has read the Confidentiality Order dated _____, understands the terms thereof, submits to the personal jurisdiction of the United States District Court for the District of Arizona for purposes of enforcing the Confidentiality Order, and agrees upon threat of penalty of contempt to be bound by such terms.

_____          _____
Date                                                              Signature